PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORTH WEST PROPERTIES YO, | ) | |
| | ) | CASE NO. 4:16CV01188 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SHAWN SMITH, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Defendants Shawn Smith and Julie Smith have removed this forcible entry and detainer action, based on alleged non-payment of rent, filed against them in the Youngstown Municipal Court.[1]  *See* ECF No. 1.  They assert that removal is appropriate because "Defendant is a member[] of a protected class of whom the statu[t]e, the 'Civil Rights Act of 1968' was created," and Plaintiff North West Properties of Youngstown "intentionally fails to allege compliance with the Civil Rights Act of 1968" in its Complaint.  *See id.* ¶ 6.

Title 28 U.S.C. § 1441 governs removal of civil actions from state court, and requires the federal court have original jurisdiction of the matter.  Defendants' assertion that Plaintiff did not comply with civil rights laws is not a proper basis for removal because potential counterclaims or

---

[1] The Court notes that only Defendant Shawn Smith signed the Notice of Removal, *see* ECF No. 1 at PageID #: 4; however, it seems that Defendant Julie Smith joins in the removal, as her signature appears on the Answer to the Complaint, *see* ECF No. 3 at PageID #: 18.

(4:16CV01188)

defenses cannot form a basis for jurisdiction in federal court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses . . . ."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002) (finding that, pursuant to the well-pleaded-complaint rule, a counterclaim cannot serve as the basis for a federal court's "arising under" jurisdiction).

      The district court does not have original jurisdiction over this matter. The matter is remanded to the Youngstown Municipal Court.


      IT IS SO ORDERED.


| May 31, 2016 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

2